Parker C. J.
afterward drew up the opinion of the Court. It appears by the disclosure of the respondent, that the property assigned to him by the indenture (the validity of which has been established heretofore) is insufficient to satisfy the debt due to, and the liabilities incurred by him, and the debts due to Lapham and Clough, who had become parties to the indenture before the service of the writ, unless he is chargeable on account of cboses in action not reduced to money at the time of the service of the writ, or on account of real estate assigned to him in trust for the purposes mentioned in the indenture.
In regard to the dioses in action, it has been frequently decided that they do not render an assignee liable as trustee;[1] and in the late case of Lupton v. Cutter Trustees, ante, p. 298, it was decided, that although there were goods and debts assigned, which together would exceed the amount of claims of those creditors secured by the assignment, who had become parties thereto before the attachment, yet that there could not be such a marshalling of the effects, as would entitle an attaching creditor under the trustee process to hold, upon the contingency that there might eventually be a surplus.
In regard to real estate conveyed in trust for like purposes, while it remains undisposed of, the question has never been directly adjudicated.
It has been supposed at the bar, that in the case of Webb v. Peele, 7 Pick. 247, the general principle was settled, that an assignee of real estate in trust for creditors, might be held as trustee under this process, if the value of the property assigned should exceed the claims of those creditors who had become parties before the service of the trustee writ; but it certainly was not the intention of the Court so to decide, and we think the case as reported affords no ground for the supposition. In that case the conveyance of the real estate to Peele and others was absolute and unconditional. They were in fact the purchasers ; and the only question submitted to the Court was, whether they should be held to account for the price or pur *575 chase money according to the nominal consideration in the deed, or at the actual value of the estate at the time it was conveyed. It was necessary to know how much of the debts due to Peele and his associates was paid by the land, in order 10 ascertain whether the personal property assigned would exceed the amount of the debts. It is stated in the opinion of the Court, that the land being conveyed absolutely, it was to be considered as payment pro tanto.
The conveyance of real estate in the present case, as appears by the answers, was not intended as an absolute conveyance, but with the personal estate was to be a fund out of which the' debts provided for in the indenture were to be paid. The difference in the two cases is essential. In the case of Webb v. Peele, the title passed to the grantees and the estate vested in them as tenants in common, In proportion to their several debts. In the present case, though the legal title vested in Bishop the trustee, yet he held the land as agent for the creditors generally, and he was to account to them for the proceeds on a sale. It was not intended by either party, that the land should be considered as payment, but as the means of creating a fund from which to pay the creditors proportionally.
Now there are great difficulties in charging the assignee by the trustee process, on account of the real estate so conveyed. Indeed the provisions of the statute cannot be executed upon it, according to the intentions of the legislature, nor can real property thus situated be brought within any technical definition of the words of the statute which designate the objects of the process. Land is neither goods, effects, nor credits ; neither is the assignee indebted to the assignor on account of it. If this difficulty could be overcome by giving a broader signification to the term effects than is usually assigned to it, there are other difficulties which are quite insuperable. The sixth section of the statute provides, that the trustee, when judgment is rendered against the principal, and against his goods and effects in the hands of the trustee, may discharge himself by exposing the goods and effects of the principal to the officer who has the execution ; and the officer may then seize and sell them as the property of the principal. . This is wholly inapplicable to land ; *576 which cannot be considered as the principal’s while the legal l^e *s *n the assignee. And then the form of the execution provided in the statute manifestly shows that real estate was not in the contemplation of the legislature, as a subject of the process. It requires the sheriff, for want of goods, chattels or lands of the principal in his own hands and possession, or of goods, effects and credits in the hands of the trustees, to be by them discovered and exposed, to take the body of the principal, &c. Now land conveyed to the assignee by a borní Jide deed, cannot be considered as in the hands or possession of the principal, nor can it be considered as goods, effects or credits m the hands of the trustee. Then again, in the same section, it is most obvious that nothing but personal property and credits were within the view of the legislature, the whole scope of the provisions necessarily excluding land from their operation.
It may be said that, upon this construction of the statute, there is danger of creditors being deprived of the right of having their debts satisfied out of the estate of the debtor, although he may have sufficient to discharge them. Without doubt there are difficulties, which perhaps nothing short of legislative power can remove, though they may not be so great as is imagined. The property assigned, real and personal, must all be converted into money to satisfy the purposes of the assignment, and if there is a surplus, the assignees are answerable on the trustee process, to creditors not parties to the assignment. If they should delay unreasonably to sell the land, a id o.her property assigned, this may be evidence of fraud, and the land may be attached or levied upon as the debtor’s. The creditors provided for in the assignment will be vigilant in instigating the trustee to his duty, and may compel him to execute it by chancery process, he holding in trust for them, and this gives some security to the creditors not provided for.
But still, perhaps a perfect administration of justice in such cases requires, if this system of partial assignments is to be continued, that authority should be given to creditors who are unprovided for, to apply by bill in equity for a speedy execution of such trusts, by a sale of the property within a limited time, and a distribution of the surplus, if there should be any, after satisfying the debts provided for, among the other credit *577 oio A process of this nature, authorized by legislative enactment, would subject the whole fund to the superintendence of vhe court, who would then, after providing for the execution of the trusts in favor of such creditors as had acquired a right to preference by the terms of the assignment, cause the residue of the property to be distributed among such creditors as should come in upon notice and make themselves parties to the bill. This would be an approach towards justice, which, under our existing laws in relation to attachments and assignments, there is reason to fear is not always obtained. When laud is conveyed by the debtor to trustees for the benefit of creditors, if there is fraud, the remedy is open at common law ; if no fraud exists, the fund cannot be reached by the trustee process, until it is converted into money, unless we should adopt the chancery practice of marshalling ; which, for reasons given in'the case before cited of Lupton v. Cutter <§- Trustees,[1] we think cannot be done. It remains for the legislature to give such further remedy to creditors as the existing state of our laws seems to require.

Trustee discharged.

[2]

 See ante, 304, note 2.

 Ante, 298; and see notes to that case.

 See Tucker v. Clisby, 12 Pick. 22; Bissdl v. Strong, 9 Pick. 562; Saitford v. Bliss, 12 Pick. 116.